1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                            EASTERN DISTRICT OF CALIFORNIA

10

CARMON WARREN,                    )    1:06-CV-01328 OWW NEW (DLB) HC
11                                )
                 Petitioner,      )
12                                )    FINDINGS AND RECOMMENDATION
        v.                        )    REGARDING RESPONDENT'S MOTION TO
13                                )    DISMISS
                                  )
14   D. L. RUNNELS,               )    [Doc. #13]
                                  )
15               Respondent.      )
                                  )
16   _____

17        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254.

19                              **BACKGROUND**[1]

20        Petitioner is currently in the custody of the California Department of Corrections at High

21   Desert State Prison in Susanville, California. Petitioner challenges a prison disciplinary hearing held

22   on August 21, 2002, wherein Petitioner was found guilty of engaging in sexual behavior. Petitioner

23   administratively appealed the decision; the final administrative appeal was denied on December 16,

24   2002.

25        Thereafter, Petitioner filed three post-conviction collateral challenges in the state courts. On

26   April 2, 2005, Petitioner filed a petition for writ of habeas corpus in the Kings County Superior

27   _____

28        [1]This information is derived from the petition for writ of habeas corpus, Respondent's motion to dismiss the petition,
     and Petitioner's opposition to Respondent's motion to dismiss.

1   Court.[2] See Exhibit A, Respondent's Motion to Dismiss (hereinafter "Motion"). The superior court

2   denied the petition on May 23, 2005, as untimely. See Exhibit B, Motion. Specifically, the superior

3   court cited to In re Clark, 5 Cal.4th 750 (1993) and stated, "No adequate justification for the delay in

4   bringing this petition is put forth here." Id.

5       On June 21, 2005, Petitioner filed a petition for writ of habeas corpus in the California Court

6   of Appeals, Fifth Appellate District.[3] See Exhibit C, Motion. The petition was summarily denied on

7   June 30, 2005. See Exhibit D, Motion.

8       On April 7, 2006, Petitioner filed a petition for writ of habeas corpus in the California

9   Supreme Court.[4] See Exhibit E, Answer. On June 14, 2006, the petition was denied as untimely with

10  citation to In re Dexter, 25 Cal.3d 921 (1979), In re Robbins, 18 Cal.4th 770, 780 (1998), In re

11  Swain, 34 Cal.2d 300, 304 (1949), and People v. Duvall, 9 Cal.4th 464, 474 (1995). See Exhibit F,

12  Motion.

13      On August 29, 2006, Petitioner filed the instant petition for writ of habeas corpus in this

14  Court. Respondent filed a motion to dismiss the petition on January 16, 2007, for violating the

15  statute of limitations, failure to exhaust state remedies, procedural default and lack of jurisdiction.

16  Petitioner filed an opposition on April 19, 2007.

17                                      **DISCUSSION**

18  I.  Procedural Grounds for Motion to Dismiss

19      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

20  petition if it "plainly appears from the petition . . . that the petitioner is not entitled to relief." See

21  _____

22      [2]Although the petition was filed in the Kings County Superior Court on April 7, 2005, the petition was dated April 2, 2005.  In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its

23  submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk.  Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988).  The Ninth Circuit has applied the rule to assess the timeliness of federal habeas

24  filings under the AEDPA limitations period. Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), citing Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). Therefore under the mailbox rule, the Court deems the petition filed on

25  April 2, 2005, the date Petitioner presumably handed his petition to prison authorities for mailing.

26      [3]Although the petition was filed on June 24, 2005, pursuant to the mailbox rule the Court considers the petition filed on June 21, 2005, the date Petitioner signed the proof of service and presumably handed the petition to prison authorities for

27  mailing.

28      [4]Although the petition was filed on May 10, 2006, pursuant to the mailbox rule the Court considers the petition filed on April 7, 2006, the date Petitioner signed the proof of service.

1    also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

2          The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if

3    the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the

4    state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule

5    4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874

6    F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for

7    state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).

8    Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court

9    should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

10          In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s

11   one-year limitations period, for failure to exhaust, for lack of jurisdiction and for procedural default.

12   Accordingly, the Court will review Respondent's motion to dismiss pursuant to its authority under

13   Rule 4.

14   II.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

15          On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

16   1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of

17   habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,

18   2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct.

19   586 (1997).

20          In this case, the petition was filed on August 29, 2006, and therefore, it is subject to the

21   provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners

22   seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended,

23   § 2244, subdivision (d) reads:

24          (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
             corpus by a person in custody pursuant to the judgment of a State court.  The
25          limitation period shall run from the latest of –

26                 (A) the date on which the judgment became final by the conclusion of direct
             review or the expiration of the time for seeking such review;

27
                    (B) the date on which the impediment to filing an application created by
28          State action in violation of the Constitution or laws of the United States is removed, if

the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In a situation such as this where the petitioner is challenging a prison disciplinary action, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied. Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir.2003) (holding that the Board of Prison Term's denial of an inmate's administrative appeal was the "factual predicate" of the inmate's claim that triggered the commencement of the limitations period). Therefore, the limitations period commenced on December 17, 2002, the day after Petitioner was informed that his administrative appeal had been denied. See Exhibit B, Motion. Under Section 2244(d)(1)(D), Petitioner had one year until December 16, 2003, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. Petitioner did not file his federal petition until August 29, 2006, over two and one-half years after the limitations period had expired.

A.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 122 S.Ct. 2134, 2135-36 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006

1  (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); <u>Welch v. Newland</u>, 267 F.3d 1013, 1016 (9th

2  Cir.2001) ("tolled period includes intervals between the disposition of a state court petition and the

3  filing of a subsequent petition at the next state appellate level"); <u>Patterson v. Stewart</u>, 251 F.3d 1243,

4  1247 (9th Cir.2001) (stating that the "AEDPA's one-year grace period is tolled during the pendency

5  of properly filed state petitions challenging the judgment or claim at issue."); <u>cf</u>. <u>Dils v. Small</u>, 260

6  F.3d 984, 986 (9th Cir.2001) (Court found no tolling between consecutive filings at the same level);

7  <u>Lewis v. Mitchell</u>, 173 F.Supp.2d 1057, 1061 (C.D. Cal.2001) (holding that the interval between a

8  motion for sentence modification in the state superior court and a habeas petition in the superior

9  court was not tolled pursuant to 28 U.S.C. § 2244(d)(2)).

10      As stated above, the statute of limitations began to run on December 17, 2002. Although

11  Petitioner filed three post-conviction collateral challenges with respect to the pertinent judgment or

12  claim in the state courts, those petitions did not operate to toll the statute of limitations.  The first

13  collateral challenge was filed on April 2, 2005, over a year after the limitations period had expired.

14  Because the limitations period had already expired, the collateral challenges had no tolling

15  consequence.  <u>Green v. White</u>, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to

16  tolling where the limitations period has already run); <u>see also</u> <u>Webster v. Moore</u>, 199 F.3d 1256

17  (11th Cir.2000); <u>Rendall v. Carey</u>, 2002 WL 1346354 (N.D.Cal.2002). In addition, the state court

18  petitions were denied for untimeliness. For this reason as well, the state court petitions could not toll

19  the limitations period. <u>Evans v. Chavis</u>, 546 U.S. 189 (2006); <u>Pace v. DiGuglielmo</u>, 544 U.S. 408

20  (2005).

21      In his opposition, Petitioner argues he should be given tolling for the time a federal civil

22  rights complaint was pending in federal court. <u>See</u> <u>Warren v. Shawnego</u>, Case No. CV F 03 6336

23  AWI WMW P. Petitioner's argument is without merit, since a federal action does not qualify to toll

24  the statute of limitations. <u>Duncan v. Walker</u>, 533 U.S. 167 (2001).

25      For the foregoing reasons, the instant petition is untimely.

26      <u>B. Equitable Tolling</u>

27      The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that

28  he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

way." <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005); <u>see also</u> <u>Irwin v. Department of Veteran</u>

<u>Affairs</u>, 498 U.S. 89, 96 (1990); <u>Calderon v. U.S. Dist. Ct. (Kelly)</u>, 163 F.3d 530, 541 (9th Cir. 1998),

*citing* <u>Alvarez-Machain v. United States</u>, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S.

814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. <u>Pace</u>, 544

U.S. at 418; <u>Smith v. Duncan</u>, 297 F.3d 809 (9th Cir.2002); <u>Hinton v. Pac. Enters.</u>, 5 F.3d 391, 395

(9th Cir.1993).

In this case, the Court finds no reason to equitably toll the limitations period. Petitioner argues his federal civil rights complaint, while defective, should toll the limitations period because it demonstrates he was pursuing his rights diligently. However, supposing the Court assumed the complaint demonstrates diligence, Petitioner has not demonstrated that some extraordinary circumstance prevented him from timely filing the instant petition. Therefore, he is not entitled to equitable tolling. Moreover, the petition would still be untimely even if the Court were to grant equitable tolling for this time period.

III.  Exhaustion

Respondent argues the petition is also unexhausted because it was denied as procedurally defective. Respondent's argument is not persuasive. A petitioner can exhaust his state remedies if he has properly presented his claim to the California Supreme Court but the court declined to address the merits of the claim due to a procedural default. <u>See</u> <u>Kellotat v. Cupp</u>, 719 F.2d 1027, 1029 (9th Cir. 1983). Accordingly, the Court finds Petitioner has exhausted his claims in state court.

IV.  Procedural Default

A federal court will not review claims in a petition for writ of habeas corpus if the state court has denied relief on those claims on a state law ground that is independent of federal law and adequate to support the judgment. <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991).  This doctrine of procedural default is based on the concerns of comity and federalism. <u>Id.</u>, at 730-32.

There are limitations as to when a federal court should invoke procedural default and refuse to evaluate the merits of a claim because the petitioner violated a state's procedural rules. Procedural default can only block a claim in federal court if the state court "clearly and expressly states that its judgment rests on a state procedural bar."  <u>Harris v. Reed</u>, 489 U.S. 255, 263 (1989).

1    If the court finds an independent and adequate state procedural ground, "federal habeas

2  review is barred unless the prisoner can demonstrate cause for the procedural default and actual

3  prejudice, or demonstrate that the failure to consider the claims will result in a fundamental

4  miscarriage of justice." Noltie v. Peterson, 9 F.3d 802, 804-805 (9th Cir. 1993); Coleman, 501 U.S.

5  at 750; Park v. California, 202 F.3d 1146, 1150 (9th Cir. 2000).

6    In this case, the state courts denied Petitioner's habeas petitions for failure to timely file his

7  claims. Respondent claims the state procedural ground is independent of any federal question and

8  adequate to support the judgment. Petitioner does not argue the state ground was not independent or

9  adequate. In addition, Petitioner has not shown cause for the default or actual prejudice, or

10  demonstrated that failure to consider the claims will result in miscarriage of justice. Therefore,

11  Respondent's argument that Petitioner has procedurally defaulted his claims should be accepted.

12  V.  Lack of Jurisdiction

13    Respondent claims the Court lacks jurisdiction over the petition because the legality or

14  duration of Petitioner's confinement is not at issue. Respondent's argument is persuasive. A habeas

15  corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his

16  confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), quoting, Preiser v. Rodriguez, 411

17  U.S. 475, 485 (1973).  Although Petitioner challenges the outcome of a disciplinary hearing and an

18  assessment of lost good-time credits, a review of his petition and the attached Rules Violation Report

19  reveals Petitioner was assessed no credit forfeiture due to time constraint violations. See Exhibit A,

20  Motion. Therefore, Respondent is correct in that Petitioner's complaints do not challenge the legality

21  or duration of his confinement, and the Court is without jurisdiction to entertain the petition.

22                         **RECOMMENDATION**

23    Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss be

24  GRANTED and the habeas corpus petition be DISMISSED with prejudice for violating the

25  limitations period, for procedural default, and for lack of jurisdiction.

26    This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United

27  States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule

28  72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

1   California.

2        Within thirty (30) days after being served with a copy of this Findings and Recommendation,

3   any party may file written objections with the Court and serve a copy on all parties.  Such a

4   document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

5   Replies to the Objections shall be served and filed within ten (10) court days (plus three days if

6   served by mail) after service of the Objections.  The Finding and Recommendation will then be

7   submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. §

8   636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may

9   waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

10  1991).

11

12       IT IS SO ORDERED.

13       **Dated:**   **May 8, 2007**          _____ **/s/ Dennis L. Beck**_____
                                               UNITED STATES MAGISTRATE JUDGE
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28